### LIABILITY OF PAYEE AS ENDORSER.

Circuit Court of Cuyahoga County.

THE A. R. LINN COMPANY v. C. T. DENLY.

Decided, March 20, 1911.

*Negotiable Instruments—Drawer, as Endorsee, Can Not Hold Payee as Endorser.*

Under the negotiable instruments act, the drawer of a bill, who subsequently becomes its holder, can not hold the payee on his endorsement.

*Wing, Myler & Turney,* for plaintiff in error.
*A. A. & A. H. Bemis,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties stand here as they did below, where the plaintiff sued on the following bill of exchange, which it acquired after maturity, from the drawer, in whose shoes therefore it stands:

"$67.96.                    CLEVELAND, OHIO, Sept. 10, 1908.

"September 30th, after date, pay to the order of C. T. Denly, Sixty-Seven and 96-100 dollars, payable at the Garfield Savings Bank, Euclid Avenue. Value received, and charge the same to the account of

A. R. LINN, *Bro. Agt.*

"To the Denly Company,
    Cleveland, Ohio.

"Indorsements:

"Accepted: The DENLY COMPANY,
            By C. T. DENLY, *Prest.*
            C. T. DENLY."

The petition alleges that Linn, a sugar broker, in negotiating a sale of that commodity to the Denly Company, refused to make the sale unless the prices were secured by the personal credit of the defendant here.  The transaction was accordingly completed in the left handed manner indicated by the bill of exchange above copied.  The Denly Company having become insolvent, the plaintiff seeks to hold the defendant as a party secondarily liable on the bill of exchange.

The action was strictly upon the instrument, and the question is whether the drawer of a bill, who becomes the holder, can hold the payee on his endorsement, as a party liable secondarily, or at all.

Under the plain provisions of Sections 8155, 8166 and 8226, General Code, Sections 3172$v$, 3173$f$ and 3175, Revised Statutes, we are perfectly clear that he can not.  When a bill makes a circuit and comes back into the hands of a prior party, the intervening parties are discharged of liability.  Here Linn, the drawer, subsequently became the holder.  Denly is an intervening party, and as such was discharged.

This may not have been the intention of the parties; but their intention can not override the plain provisions of our Negotiable Instruments Act, in actions brought upon such instruments.

Judgment affirmed.